ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 0 7 2011

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RAW FILMS, LTD., | : |
| Plaintiff, | : |
| vs. | : Civil Action File |
| | : No. 1:11-cv-02939-TWT |
| JOHN DOES NOS. 1-32, | : |
| Defendants. | : |

### JOHN DOE NO. 15's
### MOTION TO QUASH SUBPOENA PURSUANT TO FED.R.CIV.P. 45

COMES NOW DEFENDANT JOHN DOE No. 15 (IP Address 24.30.107.29), by and through his attorney of record, and pursuant to Fed.R.Civ.P. 45 (c) moves to quash Plaintiff's subpoena dated September 20, 2011 and addressed to Comcast Corporation seeking Defendant Doe No. 15's name, address and telephone number (copy appended as Exhibit "A").

As grounds for his request, Defendant DOE No. 15 submits for the Court's consideration the appended memorandum of applicable authority.

RESPECTFULLY SUBMITTED this the 7th day of November, 2011.

_____
LISA YOUNG, Georgia Bar No. 000650
Counsel for Defendant John Doe No. 15

Post Office Box 33112
Decatur, Georgia 30033-0112
Telephone (404) 371-4940

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the District of New Jersey

| Raw Films, Ltd., Plaintiff v. John Does 1 - 32, Defendants. | Civil Action No. 11-2939 UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA |
|---|---|

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Corporation
Custodian of Record
650 Centerton Road
Moorestown, NJ 08057

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name, address, and telephone number of the defendant John Does listed in the below chart:

| Doe# | IP Address | Date/Time UTC |
|---|---|---|
| 13 | 24.126.162.247 | 7/1/2011 11:36 |
| 14 | 24.131.62.115 | 3/4/2011 16:46 |
| 15 | 24.30.107.29 | 6/7/2011 20:53 |
| 16 | 24.98.208.248 | 3/12/2011 19:19 |
| 17 | 24.98.232.236 | 7/17/2011 15:39 |
| 18 | 24.98.69.186 | 6/3/2011 20:25 |
| 19 | 67.190.205.74 | 6/5/2011 7:17 |
| 20 | 68.51.188.107 | 7/16/2011 4:38 |

Exhibit "A" page one of two

| Doe# | IP Address | Date/Time UTC |
|---|---|---|
| 21 | 68.54.186.116 | 7/13/2011 22:04 |
| 22 | 71.199.164.233 | 3/3/2011 13:41 |
| 23 | 71.204.35.104 | 7/15/2011 1:20 |
| 24 | 76.97.115.234 | 6/6/2011 21:15 |
| 25 | 76.97.136.72 | 3/9/2011 3:42 |
| 26 | 76.97.92.57 | 6/26/2011 1:37 |
| 27 | 98.244.189.240 | 3/9/2011 14:27 |

| Place: Bryan M. Knight, Esq. KNIGHT JOHNSON, LLC Promenade Two | 19th Floor 1230 Peachtree Street Atlanta, Georgia 30309 | Date and Time: November 4, 2011 @ 9:30 a.m. |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _September 20, 2011_
                    CLERK OF COURT

_____     OR     _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Bryan M. Knight, Esq., KNIGHT JOHNSON, LLC, Promenade Two, 19th Floor, 1230 Peachtree

Exhibit "A" page two of two

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

RAW FILMS, LTD., :
 :
    Plaintiff, :
 :
vs. : Civil Action File
 : No. 1:11-cv-02939-TWT
JOHN DOES NOS. 1-32, :
 :
    Defendants. :

### JOHN DOE NO. 15's
### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO QUASH SUBPOENA PURSUANT TO FED.R.CIV.P. 45

COMES NOW DEFENDANT JOHN DOE No. 15 (IP Address 24.30.107.29), by and through his attorney of record, and submits this memorandum of authority for the Court's consideration in support of his motion to quash.

Pursuant to Federal Rules of Civil Procedure 45 (c), "courts must quash a subpoena where 'it requires disclosure of privileged or other protected matter, if no exception or waiver applies,' or where it 'subjects a person to an undue burden.' Fed.R.Civ.P. 45 (c) (3) (A) (iii-iv)." First Time Videos, LLC v. Does 1-500, ___ F.R.D. ___, 2011 WL 3498227, slip op. at 3-4 (N.D. Ill. Aug. 9, 2011).

Defendant DOE No. 15 does not contend that disclosure of his address and telephone number to Plaintiff under the circumstances here presented constitutes a violation of his Constitutional protections, nor is this the appropriate juncture at which to assert a denial of

liability.[1] First Time Videos, *supra*; see also, Achte/Nunte Boll Kino Beteiligungs Gmbh & Co. Kg. v. Does 1-4, 736 F.Supp.2d 212, 215 (D.D.C. 2010) (putative defendants' "denial of liability may have merit, [but] the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable.")

Instead, Defendant DOE No. 15 contends that the disclosure of his private information sought by Plaintiff in this case in fact imposes an "undue burden" upon him, personally, as it casts upon him suspicion of a federal crime absent the *imprimatur* of law enforcement or even a finding of "probable cause" by this Honorable Court, requiring that he retain legal counsel to protect himself against such baseless allegations. Further, the expert testimony or other evidence upon which Plaintiff relies in seeking to subpoena Defendant DOE No. 15's personal information is not available for review by Defendant DOE, such that he is unable to dispute Plaintiff's request on substantive grounds prior to the release of his personal information. In this regard, Defendant DOE No. 15 objects that he was not given notice and an opportunity to be heard on Plaintiff's predicate "Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26 (f) Conference," which was granted by this Honorable Court on September 19, 2011.[2] Finally, Defendant DOE

---

[1] To be clear, Defendant JOHN DOE No. 15 does deny, unequivocally, that he "downloaded" Plaintiff's product or infringed upon Plaintiff's copyright in any manner or fashion, and further denies that he authorized, directed, or permitted any person to utilize his IP Address to do so.

[2] Defendant DOE No. 15 understands that, prior to his being named as a defendant to this action, no duty devolves upon Plaintiff to give notice of such motion to him, nor could Plaintiff reasonably be expected to do so as Defendant DOE's identity is, thus far, unknown to Plaintiff. Nonetheless, as it is in the context of the "Motion for Leave" that the Court must evaluate the merits of Plaintiff's initial request for the information sought in the subpoena challenged in this motion, and as it is only the individual whose personal information is ultimately sought to be disclosed that has the right and interest to protect the same, due process requires that such individuals be heard on the merits of Plaintiff's request (either initially or upon reconsideration) before their information is disclosed. In the case's present posture, Defendant DOE is constrained to challenge Plaintiff's request not upon the merits (that is, whether Plaintiff has in fact presented sufficient grounds for issuance of the requested subpoenas, see AF Holdings LLC, *cited infra*) but only upon the grounds of privilege or "undue burden."

No. 15 contends that Plaintiff's subpoena should be quashed as it represents an abuse of the Court's subpoena power.

Although to federal courts in interpreting Fed.R.Civ.P. 45 have interpreted "undue burden" as the hardship which compliance might impose upon the party charged with responding to a subpoena, Defendant DOE contends that the "undue burden" contemplated by Rule 45 may also be reasonably interpreted to include unwarranted accusations of criminal activity against him implicit in Plaintiff's request for his personal information, and the necessity of obtaining legal representation to protect himself against the same, including improper conduct by Plaintiff as discussed below.

Despite continuing advances in technology, at present "subscriber identifying information revealed by...ISP discovery 'does not tell the [p]laintiff who illegally downloaded [p]laintiff's works... It could be the [s]ubscriber, or another member of his household, or any number of other individuals who had direct access to the [s]ubscriber's network." AF Holdings LLC v. Does 1-96, __ F.Supp. __ , 2011 WL 4502415, slip op. at 2 (N.D.Cal. Sept. 27, 2011).[3]

By virtue of its subpoena, Plaintiff accuses Defendant DOE No. 15 of a federal crime, to wit, "internet piracy" of its copyrighted work in violation of 17 U.S.C. § 506 (a). As indicated in AF Holdings LLC, however, the only information upon which Plaintiff relies in leveling such a serious accusation[4] is ultimately non-identifying; even if true it establishes only a single instance

---

[3] It is also not uncommon to find that an internet subscriber's "wi-fi" network has been utilized by unauthorized third-parties within its broadcast radius, regardless of security protocols.

[4] Allegations in pleadings are privileged; if Plaintiff in reliance upon such evidence were to so accuse Defendant DOE No. 15 outside the context of this litigation, it would face a claim for defamation.

in which Plaintiff's work was purportedy illegally "downloaded or uploaded" by some individual or entity utilizing Defendant DOE's IP address. Id.

Defendant DOE No. 15 contends further that no law enforcement agency could or would reasonably expect that a finding of "probable cause" that a crime has been committed could devolve from such paucity of evidence, much less that Defendant DOE No. 15 was the person who committed the crime.

Plaintiff's subpoena should be quashed as it has imposed an "undue burden" upon Defendant DOE No. 15, requiring that he seek and retain legal counsel at his own expense to defend against an unwarranted accusation of wrongdoing, and all the more as it represents an abuse of the court's subpoena power. In an action filed in the Eastern District of Virginia by the same plaintiff, the United States District Court so determined in a decision released on October 5, 2011:

> The Court also finds that the plaintiff should be required to show cause why certain conduct does not violate Rule 11 of the Federal Rules of Civil Procedure. The Court currently has three cases before it, all brought by the same attorney. The suits are virtually identical in their terms, but filed on behalf of different film production companies. In all three, the plaintiffs sought, and the Court granted, expedited discovery allowing the plaintiffs to subpoena information from ISP's to identify the Doe defendants. According to some of the defendants, <u>the plaintiffs then contacted the John Does, alerting them to this lawsuit and their potential liability. Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation.</u> When any of the defendants have filed a motion to dismiss or to sever themselves from the litigation, however, the plaintiffs have immediately dismissed them as parties to prevent the defendants from bringing their motions before the Court for resolution.

> This course of conduct indicates that plaintiffs [which include Plaintiff here] <u>have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them</u>. The plaintiffs seemingly have no interest in actually litigating their cases, <u>but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does</u>. Whenever the suggestion of a ruling on the merits of the claims appears on their horizon, the plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits.
>
> <u>The plaintiffs' conduct in this cases indicates an improper purpose for these suits</u>. In addition, the joinder of unrelated defendants does not seem to be warranted by existing law or a non-frivolous extension of existing law.
>
> Pursuant to Rule 11 (c)(3), the Court, therefore, will direct the plaintiff and its counsel to show cause why the conduct specifically described in this Memorandum Order has not violated Rule 11 (b). *See* Fed.R.Civ.P. 11 (c) (3); Fed.R.Civ.P. 11 (b).

Raw Films Ltd. v. John Does Nos. 1-32, No. 3:11cv-532 JAG, "Memorandum Order," pp. 4-5

(E.D. Va. Oct. 5, 2011) (emphasis added).

BASED UPON THE FOREGOING, Defendant DOE No. 15 respectfully requests that the Court grant his motion to quash.

This the ___7th___ day of November, 2011.

_____
LISA YOUNG, Georgia Bar No. 000650
Counsel for Defendant John Doe No. 15
(IP Address 24.30.107.29)

Post Office Box 33112
Decatur, Georgia 30033-0112
Telephone (404) 371-4940

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RAW FILMS, LTD., : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action File |
| : | No. 1:11-cv-02939-TWT |
| JOHN DOES NOS. 1-32, : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

Comes now Lisa Young, counsel for Defendant JOHN DOE No. 15 (IP Address 24.30.107.29) and certifies that she has served a copy of the foregoing "Motion to Quash Subpoena Pursuant to Fed.R.Civ.P. 45," and "Memorandum of Law in Support of Motion to Quash Subpoena Pursuant to Fed.R.Civ.P. 45" upon counsel for Plaintiff, with sufficient postage thereon to assure delivery, addressed as follows:

> Bryan M. Knight, Esq.
> Knight, Johnson LLC
> Promenade Two, 19th Floor
> 1230 Peachtree Street
> Atlanta, Georgia 30309

This the 7th day of November, 2011.

_____
LISA YOUNG, Georgia Bar No. 000650
Counsel for Defendant JOHN DOE No. 15
(IP Address 24.30.107.29)

Post Office Box 33112
Decatur, Georgia 30033-0112
Telephone (404) 371-4940