IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAW FILMS, INC.,

   Plaintiff,

     v.

JOHN DOES 1-32, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-2939-TWT

ORDER

This is a copyright infringement action. For the reasons set forth below, the Court severs John Does 2-17, 19-20, and 22-32 and the claims against them are DISMISSED without prejudice.

I. Background

The Plaintiff is a United Kingdom company. It owns the copyright to the motion picture "Raw Rescue" (the "Work"). The Plaintiff brings this action under the Copyright Act §§ 106 and 501 against thirty (30) anonymous Defendants identified only by their internet protocol ("IP") addresses.[1] (Compl. ¶¶ 2, 4, 7.) The Plaintiff alleges that each Defendant infringed on its copyright in the Work by sharing it on the

---

[1] "An IP address is a number that is assigned by an Internet Service Provider (an 'ISP') to devices, such as computers, that are connected to the Internet." (Compl. ¶ 8.)

BitTorrent internet peer-to-peer file sharing protocol. (Id. ¶¶ 13-42.) The alleged violations span five months, with the first violation occurring on March 3, 2011, and the last on July 18, 2011. (Compl., Ex. A.) All the violations are alleged to have occurred within Georgia. (Id.)

Before appreciating the manageability problems posed by joinder of the unrelated Defendants, the Court granted the Plaintiff leave to serve third party subpoenas to Comcast Cable ("Comcast"), an internet service provider ("ISP") [Doc. 7].[2] The subpoenas may demand the "true name, address, telephone number, e-mail address and Media Access Control ('MAC') address of the Defendant to whom [Comcast] assigned an IP address" [Id.]. The Plaintiff may only use the identity information it obtains from Comcast to prosecute the claims in this action [Id.].

## II. Discussion

The Court sua sponte considers whether the Defendants are properly joined under Rule 20 of the Federal Rules of Civil Procedure. Rule 20 provides that "[persons] ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

---

[2]"The ISP to which each Defendant subscribes can correlate the Defendant's IP address to the Defendant's true identity." (Compl. ¶ 9.)

(B) any question of law or fact common to all defendants will arise in the action." "The Court may issue orders – including an order for separate trials – to protect a party against embarrassment, delay, expense, or other prejudice . . . ." Fed. R. Civ. P. 20(b). "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

This case is part of an "outbreak of similar litigation . . . around the country," in which copyright holders have attempted to assert claims against multiple unknown defendants by joining them, in often large numbers, into a single action. See On The Cheap, LLC v. Does 1-5011, No. C10–4472 BZ, 2011 WL 4018258, at *1 (N.D. Cal. Sept. 6, 2011) (published order). The plaintiffs in these cases argue that when each defendant is one of many users simultaneously uploading and downloading a protected work, the defendant acts as part of a "swarm"[3] in a "series of transactions"

---

[3]The BitTorrent swarm process has been described as follows:

In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."

The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker

involving "common questions of law and fact." (Compl. ¶ 10.) This practice is known as "swarm joinder," and is the joinder theory relied upon by the Plaintiff in this action.

The swarm joinder theory has been considered by various district courts, the majority of which have rejected it. See On The Cheap, 2011 WL 4018258, at *1 (gathering cases) (published order). Downloading a work as part of a swarm does not constitute "acting in concert" with one another, particularly when the transactions happen over a long period. See, e.g., Hard Drive Productions, Inc. v. Does 1-188, No. C-11-01566 JCS, 2011 WL 3740473, at *13 (N.D. Cal. Aug. 13, 2011) ("In fact, the nearly six-week span covering the activity associated with each of the addresses calls into question whether there was ever common activity linking the 51 addresses in this case.").

The Defendants alleged to have participated in "swarm" infringing often have

---

responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1-2 (N.D. Cal. May 31, 2011); see also Camelot Distrib. Grp. v. Does 1 through 1210, No. 2:11-CV-02432 GEB KJN, 2011 WL 4455249 (E.D. Cal. Sept. 23, 2011).

different and divergent defenses[4] to the copyright violation claims and to allow them to be asserted in a single case would defeat, not enhance, judicial economy.[5] See CP Productions, Inc. v. Does 1-300, 2011 WL 737761 (N.D. Ill. Feb. 24, 2011) ("No predicate has been shown for thus combining 300 separate actions on the cheap-if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.").

The facts here demonstrate why the swarm joinder pleading tactic is not appropriate in this action. The differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert. While the Defendants may have used the same peer-to-peer system, the Complaint does not allege they were sharing with each other. For example, Doe 4, who is alleged

---

[4] The variety of different defenses are often based on the circumstances of each defendant. Some may claim that the download did not occur, they were not involved in it, or their computer was incapable of the claimed conduct. The likelihood of different defenses demonstrates that each claim should be considered separately.

[5] The market value of a work like the one in this case is modest. The danger of swarm joinder is to enhance the proceeds from a work by extracting settlement amounts that exceed the value of the Work and the litigation. It is conceivable that the swarm joinder device could encourage the creation of works not for their sales or artistic value, but to generate litigation and settlements. See On The Cheap, 2011 WL 4018258, at *3 n.6. The risk of inappropriate settlement leverage is enhanced in a case like this involving salacious and graphic sexual content where a defendant may be urged to resolve a matter at an inflated value to avoid disclosure of the content the defendant was accessing.

to have been in the swarm on July 13, 2011, is unlikely to have been in the swarm at the same time as Doe 5, who is alleged to have been in the swarm on March 4, 2011.[6]

The Court finds that the Plaintiff has not adequately alleged that the Defendants were engaged in a common series of transactions as required by Rule 20, and joinder is not proper. In light of this and the variety of defenses likely to be raised, the Court further determines that joinder would not result in judicial economy and, thus, exercises its discretion to sever the claims against each Defendant. The Court dismisses John Does 2-17, 19-20, and 22-32 without prejudice.

### III. Conclusion

For the reasons set forth above, the Court severs John Does 2-17, 19-20, and 22-32 and the claims against them are DISMISSED without prejudice. If the Plaintiff refiles the cases against individual Defendants, the cases are to be assigned to me as related cases.

---

[6]In light of the lack of proof of sharing with each other, it appears the Defendants were joined as parties primarily because of their connection to this state. The Plaintiff has filed at least two similar copyright actions, in the District of Colorado and the Eastern District of New York.

SO ORDERED, this 29 day of December, 2011.

                                        /s/Thomas W. Thrash
                                        THOMAS W. THRASH, JR.
                                        United States District Judge